**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

GABRIEL M. ROBLES; BONNIE
ROBLES,

     Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA; LOUIS
DEJOY, Postmaster General; DEREK
SCHMIDT, Attorney General, State of
Kansas; MICHELLE DE LA ISLA, Mayor,
City of Topeka; LISA ROBERTSON, City
Attorney, City of Topeka; MIKE KAGAY,
District Attorney, Shawnee County;
DENNIS MCDONOUGH, Secretary of
Veterans Affairs; ABC NEWS, and local
affiliate; NBC NEWS, and local affiliate;
FOX NEWS, and local affiliate; CBS
NEWS, and local affiliate; TOPEKA
CAPITAL-JOURNAL, and parent
company; KANSAS CITY STAR, and the
McClatchy Company; JOHN
WEICHMAN, Midwest Housing Equity
Group, Herman & Kittle; PROPERTY
MANAGEMENT COMPANY, Paradise
Plaza; UNIVERSITY OF KANSAS
HEALTH SYSTEM, St. Francis campus;
SCOTT HARRIS; JEFF ADKINS; MIKE
DUGGAN; FNU BURTON, Doctor,
Second Chance Services; CORRIE
WRIGHT, Shelter Plus Care; KANSAS
AGING AND DISABILITY SERVICES;
BRIAN D. GRIFFIN, Kansas Aging and
Disability Services; CHRISTINA L.
GREGG, Kansas Aging and Disability
Services; JOSEPH H. HUNT, Kansas
Aging and Disability Services; ROBERT
E. KIRSCHMAN, JR., Kansas Aging and

No. 22-3017
(D.C. No. 5:21-CV-04047-JAR-ADM)
(D. Kan.)

Disability Services; L. MISHA PREHEIM,
Kansas Aging and Disability Services;
KARA M. WESTERCAMP, Department
of Justice, Commercial Litigation Branch,
Civil Division; EXPERIAN, Chief
Executive Officer; EQUIFAX, Chief
Executive Officer; CONSUMER
CELLULAR, Chief Executive Officer,

    Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Plaintiffs Gabriel and Bonnie Robles, appearing pro se, appeal the district court's dismissal of their civil complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief could be granted. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's judgment.

I

On July 30, 2021, the Robles initiated these proceedings by filing a pro se civil complaint naming thirty-one defendants, including the United States, various government officials, television stations, newspapers, a hospital, the chief executive

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officers of three credit bureaus, and other entities and individuals. In a section of their complaint titled "Statement of Claim," the Robles alleged that "[e]ach and every defendant . . . has and is violating the Plaintiffs [sic] Constitutional rights at will knowing with malice aforethought, the Courts will ignore Fed. R. Civ. P. 26(c) and cause the Plaintiffs undue burden and expense by preventing protection from Courts." ROA at 12. No other underlying facts were alleged in the Robles' complaint. In the section of their complaint titled "Relief," the Robles asked for the "[i]mmediate issuance of [a] Kansas drivers [sic] license to Plaintiff Gabriel M. Robles based on medical emergency situation caused by defendants [sic] actions," "$10,000,000.00 . . . for causing permanent disability, slander and libel against Plaintiff Gabriel M. Robles," and "$9,000,000 for actual and punitive [damages] for [Plaintiff] Bonnie Robles." *Id*. at 13. Along with their complaint, the Robles filed a motion for leave to proceed in forma pauperis (IFP).

On August 10, 2021, the magistrate judge assigned to the case issued an order directing the Robles to "each file supplemental [financial] affidavits" in support of their motion for leave to proceed IFP. *Id*. at 17. The Robles complied with that order.

On October 14, 2021, the magistrate judge issued a report and recommendation addressing the Robles' motion for leave to proceed IFP. The magistrate judge concluded that the Robles' supplemental financial affidavits demonstrated that they had sufficient "cash . . . on hand to pay the filing fee and still meet their monthly expenses." *Id*. at 19. Consequently, the magistrate judge

"recommend[ed] that [their] motion be denied and that [they] be ordered to pay the required filing fee within fourteen days." *Id*. The magistrate judge also "recommend[ed] that [the Robles] be ordered to file an amended complaint that complie[d] with the pleading standards set forth in" Federal Rule of Civil Procedure 8. *Id*. The magistrate judge noted in support that the Robles' original complaint failed to "specify what actions each defendant ha[d] taken, when those actions occurred, how those actions harmed [the Robles], and what particular Constitutional rights [the Robles] believe[d] each defendant violated." *Id*. at 20. The magistrate judge noted that, because of these deficiencies, the "[d]efendants d[id] not have fair notice of the specific claims that [the Robles] assert[ed] against them." *Id*.

The Robles filed written objections to the magistrate judge's report and recommendation and they opposed having to pay the required filing fee or filing an amended complaint.

On January 19, 2022, the district court issued a memorandum and order sustaining the Robles' objections in part and granting their motion for leave to proceed IFP. In doing so, the district court noted the issue was "a close call," but it concluded, "based upon the information presented by [the Robles]," including their assertion that they tithed at least a tenth of their income, "that they ha[d] made a sufficient showing of inability to pay the filing fees required to prosecute this action." *Id*. at 30. "[E]ven though" it concluded that the Robles "[we]re entitled to proceed IFP," the district court concluded that "their Complaint [wa]s subject to dismissal" pursuant to 28 U.S.C. § 1915(e)(2) "because they fail[ed] to state a claim

4

upon which relief [could] be granted." *Id*. at 31.  More specifically, the district court agreed with the magistrate judge that the Robles' complaint "fail[ed] to state a claim upon which relief [could] be granted" because it "d[id] not specify what actions each Defendant has taken, when those actions occurred, how those actions harmed [the Robles], and what particular constitutional rights [the Robles] believe each Defendant violated." *Id*. at 32.  The district court noted that it was thus "unable to infer a deprivation of federal or constitutional rights caused by the Defendants for [the Robles] to proceed with their purported claims." *Id*.  The district court therefore granted the Robles "leave to file an amended complaint . . . within fourteen days," and it advised them that "[a]ny amended complaint should identify the alleged harm and the specific Defendants responsible for such harm." *Id*. at 33.  The district court also advised the Robles that their failure to file an amended complaint would "result in dismissal of th[e] case in its entirety." *Id*.

The Robles filed a written response objecting to the portion of the district court's memorandum and order directing them to file an amended complaint.  But the Robles otherwise made no attempt to file an amended complaint.

On February 1, 2022, the district court issued an order dismissing the case with prejudice.  The district court concluded that, "[e]ven generously construing the [Robles'] response as an attempt to amend the Complaint, [they] continue[d] to fail to identify the alleged harms and the specific Defendants responsible for such harms as required by Rule 8(a)." *Id*. at 40.  The district court therefore ordered the case "dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

5

claim upon which relief [could] be granted." *Id*. at 41. Judgment was entered in the case that same day.

The Robles filed a timely notice of appeal.

II

We review de novo a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Perkins v. Kan. Dep't of Corr*., 165 F.3d 803, 806 (10th Cir. 1999). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In conducting our review, we accept well-pleaded factual allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). We also liberally construe a pro se plaintiff's complaint. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record." *Id*. (internal quotation marks omitted).

The Robles argue in their appellate brief that "the district court blocked proceedings and used technical rules, insults, and theft by swindle by waiting for Groundhog day to rule, not returning filing fee, and concluding [that their] statements were 'spurious' based on personal bias!" Aplt. Br. at 2. The Robles in turn argue that "[e]very judge, lawyer, and defendant involved in every case [they] have

6

presented for trial is guilty of a felony act as cited in 18 U.S.C. §241 [sic] & §242 [sic], and under criminal & civil RICO statutes." *Id*. at 3.  The Robles also argue that "[d]ue to the [district] court['s] own self-serving bias and greed," it "denied the [Robles] their day in court to present evidence to a jury of their peers." *Id*. at 4. Ultimately, the Robles ask this court to "issue judgment in [their] favor . . . as requested." *Id*.

We reject the Robles' arguments.  As the district court correctly noted, the Robles' complaint fails to allege what actions each of the named defendants took that allegedly violated the Robles' constitutional rights or otherwise harmed the Robles. In short, the Robles' complaint fails to satisfy the pleading standards for a complaint that are outlined in Federal Rule of Civil Procedure 8(a).  And, although the district court afforded the Robles an opportunity to amend their complaint and correct the deficiencies, the Robles refused to do so.  Consequently, we conclude that the district court did not err in dismissing the Robles' complaint.

III

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge